**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

MACKENZIE WILLIS                                                                                  PETITIONER

V.                                                                                          NO. 3:09CV114-M-A

STATE OF MISSISSIPPI, et al.                                                            RESPONDENTS

## MEMORANDUM OPINION

This cause comes before the court on the petition of Mackenzie Willis, inmate number 117368, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After due consideration, the court finds that the Respondents' motion to dismiss shall be granted and the petition dismissed with prejudice.

*A. Factual and Procedural Background*

Willis pled guilty to statutory rape and touching a child for lustful purposes in the Circuit Court of Grenada County. On January 19, 2006, Willis was sentenced to twenty-years imprisonment.[1] Since he pled guilty, Willis did not pursue an appeal.[2] He, later, filed a petition for post-conviction relief in the trial court on November 27, 2007. The trial court denied the petition on May 28, 2008. Willis filed this federal habeas petition on October 7, 2009.[3]

*B. Discussion*

The Antiterrorism and Effective Death Penalty Act of 1996 (Public Law No. 104-132, 110 Stat. 1214) (hereinafter, the AEDPA), which was signed into law on April 24, 1996, amended habeas

---

[1] Willis received fifteen years for touching of a child and twenty years for staturoty rape to be served concurrently.

[2] In Mississippi, there is no direct appeal from a guilty plea. Miss. Code Ann. § 99-35-101. Rather, a defendant may only pursue an appeal within thirty days of the guilty plea alleging that the sentence imposed is illegal. Miss. R. App. P. 4(a); *Lett v. State*, 965 So. 2d 1066, 1070 (Miss. 2007).

[3] The petition is deemed filed when the prisoner places the document in the prison mail system. *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (mailbox rule is applicable to pro se prisoners)

corpus procedure in several different ways. Before the AEDPA there was no specific statute of limitations provision. The AEDPA provided such a limitation:

> (d)(1) 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

Since no direct appeal was taken, Willis's conviction and sentence became final thirty days after judgment was entered. Willis's conviction, thus, became final on February 21, 2006[4], the date on which the time for seeking further review in state court expired. *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003). Willis, therefore, had one-year or until February 20, 2007, to seek federal review of his judgment or "properly file" an application for post-conviction relief in state court to toll the AEDPA limitations period. *See* 28 U.S.C. § 2244(d)(2).

---

[4] January 19, 2006 plus 30 days is February 18, 2006 which was a Saturday. The following Monday was a national holiday. *See* Fed. R. Civ. P. 6(a).

2

A properly filed application for post-conviction relief will toll the AEDPA's one-year statute of limitation. *Id.* The period is tolled for the length of time the motion is pending. *Starns v. Andrews*, 524 F.3d 612, 616 (5th Cir. 2008).

As noted *supra*, Willis did seek post-conviction review in State Court on November 27, 2007. Willis, however is not entitled to statutory tolling since the state pleading was filed well after the AEDPA's one-year period had expired. Plainly stated, Willis had until February 21, 2007, to seek federal habeas relief. Willis did not file this petition until October 7, 2009, when he presumably delivered it to prison officials for mailing. *Spotville*, 149 F.3d at 376-78. His petition was, thus, filed 959 days beyond the expiration of the one-year limitations period.

The petition is untimely unless the Petitioner can demonstrate that the one-year limitations period should be tolled under § 2244(d)(1)(B)-(D). A petitioner must cite "rare and exceptional" circumstances to warrant equitable tolling, or that he was actively misled or prevented in some extraordinary way from asserting his rights. *Ott v. Johnson*, 192 F.3d 510, 513-514 (5th Cir. 1999).

Willis did not address the timeliness of his petition. He, therefore, has not alleged the existence of any "rare and exceptional" circumstances that would permit the court to consider his petition. The doctrine of equitable tolling will not be used to breath life into his untimely habeas claims. Consequently, the petition must be dismissed with prejudice.

A final judgment in accordance with this opinion will be entered.

THIS the 9th day of March, 2011.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**